IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAQUANDRA ERICA ROSS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:14cv00346 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ALBEMARLE-CHARLOTTESVILLE | ) | |
| REGIONAL JAIL, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Petitioner LaQuandra Erica Ross, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the execution of her sentence imposed by the Charlottesville Circuit Court. The court finds that Ross did not fully exhaust her state remedies before filing this federal habeas petition and, therefore, will dismiss this action without prejudice.

On May 28, 2014, after Ross pled guilty, the Charlottesville Circuit Court convicted her of violating her probation. According to her petition and confirmed by online state court records, Ross has not yet appealed or filed a petition for writ of habeas corpus in state court.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, it is clear that Ross has yet to pursue her instant claim in the Supreme Court of

Virginia. Accordingly, the court will dismiss Ross's habeas petition, without prejudice, as unexhausted.[1]

Entered: October 20, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[1] State prisoners' sole federal remedies for challenging the constitutional validity of their custody are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after petitioners have exhausted their state court remedies with regard to their convictions and sentences. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which state prisoners should proceed when challenging the legality of their custody based on the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by state prisoners in custody pursuant to state court judgments, even when petitioners are not challenging the validity of their underlying convictions. See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010). But see Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in Gregory v. Coleman, 218 F. App'x 266 (4th Cir. 2007), but does not appear to have taken a definitive stance to date. However, under either § 2254 or § 2241, petitioners must first fully exhaust their state remedies before filing federal habeas petitions.